996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randolph Muhammad TALLEY, Jr., Plaintiff-Appellant,
v.
Benjamin ULEP; John W. Hawley, Defendants-Appellees.
 No. 93-1168.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Randolph Muhammad Talley, Jr., a pro se Michigan state prisoner, appeals a summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Talley sued the warden at the Marquette Branch Prison (MBP), and a doctor employed at MBP, alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, he alleged that despite numerous medical referrals, consultations, and transfers to prison medical facilities, defendants have refused to provide surgery to repair damage to one of Talley's toes which sustained an injury as a result of a gunshot wound suffered in 1984. Talley sued the defendants in their individual and official capacities.
 
 
 3
 The defendants filed a motion for dismissal or, in the alternative, a motion for summary judgment. A magistrate judge held that Talley failed to bring forward any evidence to show that defendant Hawley was personally involved in the conduct complained of or that defendant Ulep was deliberately indifferent to Talley's serious medical needs. The district court adopted the report and recommendation after reviewing Talley's objections. Talley's subsequent motion to set aside the judgment was denied in an order dated August 20, 1992.
 
 
 4
 Upon consideration, we conclude that summary judgment was proper, as there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.